TERESA ALONSO v. JOSE ALONSO.

176 So. 490.
Division A.
Opinion Filed October 15, 1937.
Rehearing Denied November 5, 1937.

438

*Albert D'Arpa* and *Wm. C. McLean,* for Appellant;.
No appearance for Appellee.

BUFORD, J.—The appeal is from final decree granting divorce to defendant in a suit for separate maintenance by his wife, in which suit he filed answer and cross-complaint praying for affirmative relief by decree for divorce.

The record shows that prior to the institution of the instant suit, Jose Alonso, appellee here, on April 23, 1931, filed bill for divorce against his wife, Teresa Alonso. The bill of complaint was dismissed by order of court on October 26, 1931. Teresa Alonso filed bill on the same day that Jose Alonso's bill was dismissed, in which she prayed for decree for separate maintenance. Jose Alonso filed counter claim praying for divorce on the ground of desertion which he alleged had been willful, obstinate and continued for more than a year immediately preceding the filing of his answer and counter claim.

On August 3, 1934, the cause was referred to a Master to take testimony and report same to the court with his findings of fact and conclusions of law. The Master filed his report on January 7, 1935, with specific findings of fact and of law and recommended to the court that Jose be denied the relief prayed for in the supplemental answer and that Teresa be allowed $15.00 per week as permanent maintenance. The matter was then brought on for hearing

before the Chancellor and he confirmed the Master's Report, except that he declined to allow attorney's fees.

On May 23, 1935, Jose filed his motion for rehearing and on May 30th Teresa filed her motion for rehearing. Motions for rehearing were orally denied on June 10, 1935, except that the decree for maintenance was modified by reducing the amount to be paid from $15.00 per week to $12.00 per week. The order denying motions for rehearing, however, was not reduced to writing until August 31, 1936, and was not, therefore, recorded in Chancery Order Book prior to that time, at which time such order was made *nunc pro tunc* as of June 10, 1935, and was recorded. Before order on petitions for rehearing had been reduced to writing and recorded, Jose filed a motion on April 21, 1936, to vacate the order of confirmation of May 17th, 1935, and to re-refer the issues in the cause to the Master to retake testimony of the parties and on April 29, 1936, the Chancellor directed the Master to take testimony anew and subsequent thereto, to report same with his findings of fact and conclusions of law to the court. No notice of this motion or the order thereon was given the complainant. The record shows, however, that the Master gave notice to both the complainant and the defendant as to the time and place of taking further testimony and that complainant, by her counsel, appeared at that hearing and defendant appeared in person and by his counsel. The Master's Report contains the following:

"Whereupon, complainant, not having her witnesses present, and she not being present at said first hearing, although notified thereof, defendant and cross complainant as per agreement by counsel proceeded to take testimony for defendant, which continued from time to time and day to day until after sufficient notice of the time of closing the evi-

dence, complainant failed to produce her witnesses, but moved a continuance until the following Saturday, which was denied.

"There appeared at the hearings in said cause, complainant together with her witnesses and counsel, the defendant and his witnesses and counsel. It appears from the record that the same is regular and in accordance with the statutes and rules of practice governing such matters, and that the court has jurisdiction both of the person and subject matter of said suit."

After the Master's Report was filed, final decree was entered granting the defendant and cross complainant, Jose Alonso, absolute divorce and requiring him to pay Teresa the sum of $7.00 per week for each and every week until further order of the court. This decree was entered on June 1, 1936. Thereupon, Teresa, on June 6, 1936, filed motion to open up, vacate and set aside the final decree, in which motion, amongst other things, she alleged:

"That solicitor for the plaintiff was not given notice of the setting down of this cause for final hearing and the making and entry of Fnal Decree, as required by law."

On June 17th the Chancellor entered an order setting aside and vacating that decree upon the ground above quoted. Thereafter, on June 20th, Teresa filed another motion praying that the cause be re-referred to the Special Master for the purpose of taking further testimony or to be allowed to use testimony theretofore taken and the records in the original suit, first hereinabove referred to, as evidence before the Chancellor in this suit. At the same time she filed another motion praying that the court reduce to writing its order denying petitions for rehearing heretofore referred to. She also filed other motions not necessary to discuss here.

On August 31, 1936, the court entered an order *nunc pro tunc* reducing its order of June 10, 1935, to writing and the same was filed and recorded, and on the same date the court entered final decree in which it first denied the complainant's motions above referred to and then granted decree of divorce to the defendant and cross complainant. Jose Alonso, and required him to pay to the complainant, Teresa, the sum of $7.00 per week alimony and required him to pay the complainant the sum of $75.00 as permanent solicitor's fees.

From that order appeal was taken.

There were two assignments of error:

1st.   The court erred in entering its order on May 8th, 1936, recorded in Chancery Order Book 222 at page 283, and

2nd.   The Chancellor erred in entering his order of August 31, 1936, recorded in Chancery Order Book 225 on page 265.

The order of May 8, 1936, was the order vacating the decree and directing the Special Master to take the testimony in the cause anew. The order of August 31, 1936, referred to was the final decree last above mentioned. The order of May 17, 1935, is in the following language:

"This cause coming on to be heard at final hearing upon exceptions of the defendant to the Master's Report of his findings of fact and conclusions of law, and upon a careful consideration of the evidence, the Court is of the opinion that the Master's findings should be confirmed in all respects except as to the allowance of attorney's fees for the plaintiff, which allowance is excepted to under ground 8 of defendant's exceptions.

"My reason for sustaining the defendant's exception to the allowance of attorney's fees is based upon the fact that

plaintiff's original counsel flagrantly abused the rule against the propounding of leading questions to plaintiff's witnesses over the objection of the defendant. This rule was violated to such extent that the Court is of the opinion that no allowance should be made to the plaintiff for attorney's fees. It will be noted that present counsel of plaintiff, who succeeded original counsel, is not guilty of the conduct of the original counsel in the cause. Counsel will draw an appropriate final order disposing of the cause."

So, while the case was then considered on final hearing, the order itself shows that it contemplated a further order to dispose of the case. That order appears never to have been made and, therefore, jurisdiction of the cause continued in the court and motions for rehearing were filed. Although the court made an oral order denying such motions, no order denying the same was reduced to writing or recorded until the 31st day of August, 1936, and in the meantime the Chancellor had granted the motion of the defendant to vacate the order of May 17, 1935, and had re-referred the cause to the Special Master for the taking of further testimony. The parties all submitted themselves to the jurisdiction of the court for the purpose of taking further testimony under that order. As the court retained jurisdiction of the cause by the non-entry of an order finally disposing of the cause and as the parties submitted themselves to the jurisdiction of the court by participating in the hearing before the Master and by making and presenting various motions to the court, we must hold that the court had jurisdiction to vacate and set aside its interlocutory order of May 17, 1935, and had jurisdiction to enter final decree.

The transcript of the record does not present the evidence taken in the cause before the Master.

The record does not reflect reversible error. Therefore, the decree should be and is now affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.